UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC WENZEL, ANNIE ALLEY and THELMA WENZEL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:16-CV-27 ) |
| CITY OF BOURBON, MISSOURI and CARL STORM, *in his individual capacity*, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' COMPLAINT

COMES NOW Plaintiffs Eric Wenzel, Annie Alley and Thelma Wenzel (hereinafter the "Plaintiffs") and for their Complaint against Defendant City of Bourbon, Missouri (hereinafter "Defendant City of Bourbon") and Defendant Carl Storm (hereinafter "Defendant Storm") and respectfully state to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights and for state law claims against both Defendants.

2. Plaintiffs sue Defendant Storm in his individual capacity.

3. Plaintiff Eric Wenzel is the son of Gary Wenzel. ("Decedent Wenzel").

4. Plaintiff Annie Alley is the daughter of Decedent Wenzel

5. Plaintiff Thelma Wenzel is the mother of Decedent Wenzel.

6. Plaintiffs bring this suit for the injuries sustained by Decedent Wenzel, who is now deceased, as a result of the Constitutional violations as alleged herein[1].

7. Plaintiff Eric Wenzel and Plaintiff Annie Alley are the only children born unto

---

[1] Andrews v. Neer, 253 F.3d 1052, 1056-57 (8th Cir. 2001).

Decedent Wenzel.

8. Defendant City of Bourbon is a political subdivision of the State of Missouri acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

9. Defendant Storm, at all times relevant herein, was a Bourbon police officer working under the direction and control of Defendant City of Bourbon.

## JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1341(3).

11. The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

## VENUE

12. Venue is proper under 28 U.S.C. § 1391(b) as the incident subject to this case occurred in Crawford County in this Eastern District of Missouri.

## COLOR OF STATE LAW

13. At all relevant times, Defendant Storm acted under color of state law.

14. Particularly, Defendant Storm acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

### Waiver of Sovereign Immunity

15. At all relevant times, Defendant City of Bourbon had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including those as described herein.

16. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant City of Bourbon[2].

---

[2] RSMo. § 71.185 and/or § 537.610.

**FACTUAL BACKGROUND**

17. On or about March 5, 2014, Defendant Storm, a police officer with the Bourbon City Police Department, was on routine patrol when he observed Decedent Wenzel driving on an outer service road.

18. Defendant Storm turned his vehicle around and began pursing Decedent Wenzel because Defendant Storm suspected Decedent Wenzel was displaying improper license plates and suspected Decedent Wenzel had outstanding warrants.

19. After Defendant Storm pursued Decedent Wenzel for approximately 10 minutes, Decedent Wenzel drove his vehicle into a ditch.

20. When Decedent Wenzel drove his vehicle into a ditch, Defendant Storm stopped his vehicle behind Decedent Wenzel's vehicle.

21. After Decedent Wenzel drove his vehicle into a ditch, Decedent Wenzel exited his vehicle through the driver door and proceeded to walk towards Defendant Storm's vehicle.

22. As Decedent Wenzel walked to Defendant Storm's vehicle, Decedent Wenzel's hands were open.

23. Defendant Storm observed that Decedent Wenzel's hands were open and Decedent Wenzel was not carrying a weapon.

24. As Decedent Wenzel walked to Defendant Storm's vehicle, Defendant Storm fired three shots at Decedent Wenzel, hitting Decedent Wenzel in the head, chest and thigh.

25. A dash-cam car video (with no audio) from Defendant Storm's vehicle showed Decedent Wenzel walking with his hands open, no weapon in sight and then Decedent Wenzel falling to the ground.

26. Decedent Wenzel did not die immediately, but was conscious for some period of

time.

27.     As a result of Defendant Storm's shots fired into Decedent Wenzel, Decedent Wenzel was later pronounced dead at the scene by the Crawford County Deputy Coroner.

## COUNT I
## VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT
## AGAINST DEFENDANT CARL STORM
## FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
## AND ATTORNEY'S FEES

28.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

29.     Defendant Storm used excessive and unreasonable force when he shot Decedent Wenzel.

30.     The right to be free from excessive force is clearly established[3].

31.     At the time of the use of excessive force by Defendant Storm, Decedent Wenzel had not committed a serious crime.

32.     At the time of the use of excessive force by Defendant Storm, Decedent Wenzel was not actively resisting arrest.

33.     At the time of the use of excessive force by Defendant Storm, Decedent Wenzel was not attempting to evade arrest by flight[4].

34.     Defendant Storm used greater force than was necessary in light of the facts and circumstances confronting him[5].

35.     Defendant Storm acted in a manner, which was objectively unreasonable.

36.     A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[6].

---

[3] Howard v. Kansas City Police Dept., 570 F.3d 984, 991 (8th Cir. 2009).
[4] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).
[5] Id.
[6] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).

4

37. This case is not in a "hazy border", but is unequivocal[7].

38. The actions of Defendant Storm violated Decedent Wenzel's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be safe from the use of excessive force[8].

### Compensatory Damages

39. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Storm, in his individual capacity.

### Punitive Damages

40. Defendant Storm's actions against Decedent Wenzel were reckless.

41. Defendant Storm's actions against Decedent Wenzel showed callous indifference toward the rights of Decedent Wenzel.

42. Defendant Storm's actions against Decedent Wenzel were taken in the face of a perceived risk that the actions would violate federal law.

43. Plaintiffs are entitled to an award of punitive damages against Defendant Storm, in his individual capacity, in order to punish him and to deter others.

### Attorney's Fees

44. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Carl Storm in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent

---

[7] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[8] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

with the purpose of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
## DEFENDANT CITY OF BOURBON, MISSOURI
## FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

45. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

46. At all relevant times Defendant Storm was serving as an employee of Defendant City of Bourbon as a police officer.

47. At all relevant times Defendant Storm was engaging in a government function.

48. At all relevant times Defendant Storm was acting within the course and scope of that employment.

49. Defendant City of Bourbon is liable under a theory of *respondeat superior*[9].

50. The actions of Defendant Storm caused Decedent Wenzel to suffer the damages outlined herein.

### Compensatory Damages

51. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant City of Bourbon.

### Attorney's Fees

52. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Bourbon, Missouri for compensatory damages in a fair and reasonable amount,

---

[9] Plaintiff makes this claim based on the dissent of Justice Breyer in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416 (1997).

for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## SUPPLEMENTAL MISSOURI STATE CLAIMS

### COUNT III
### WRONGFUL DEATH
### AGAINST DEFENDANT CARL STORM
### AND DEFENDANT CITY OF BOURBON, MISSOURI
### FOR COMPENSATORY DAMAGES

53.　　Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

54.　　Plaintiffs Annie Alley, Eric Wenzel and Thelma Wenzel bring this wrongful death action as the surviving natural children and mother of Decedent Wenzel pursuant to R.S.Mo. § 537.080(1), the Missouri wrongful death statute.

55.　　Defendant Storm owed Decedent Wenzel a non-delegable duty to use reasonable care in arresting Decedent Wenzel.

56.　　Defendant Storm failed to perform his duty of using reasonable care in arresting Decedent Wenzel.

57.　　Defendant Storm unjustifiably shot and killed Decedent Wenzel.

58.　　As a direct and proximate result of Defendant Storm's failure to perform his duty of reasonable care in arresting Decedent Wenzel, Decedent Wenzel lost his life.

59.　　It was reasonably foreseeable that harm would befall Decedent Wenzel either directly or indirectly as a result of the actions of Defendant Storm in shooting Decedent Wenzel.

WHEREFORE, Plaintiffs pray for such sums as are fair and reasonable as actual damages against Defendant Carl Storm and Defendant City of Bourbon, Missouri and an additional sum as is fair and reasonable for damages for the aggravating circumstances attending the death of Decedent Gary Wenzel, together with their costs herein expended plus prejudgment interest.

**COUNT IV**
**ASSAULT**
**AGAINST DEFENDANT CARL STORM**
**FOR COMPENSATORY AND PUNITIVE DAMAGES, AND**
**AGAINST DEFENDANT CITY OF BOURBON, MISSOURI**
**FOR COMPENSATORY DAMAGES ONLY**

60. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

61. Defendant Storm's shooting Decedent Wenzel constituted an assault[10].

62. Defendant Storm's shooting Decedent Wenzel was unlawful and unjustified.

63. Defendant Storm had the apparent present ability to injure Decedent Wenzel and to complete the assault (and did in fact injure Decedent Wenzel).

64. Decedent Wenzel sustained damages as a result of the assault[11].

65. Plaintiff is entitled to compensatory and punitive damages for assault against Defendant Storm.

66. At the time of the assault of Decedent Wenzel, Defendant Storm was ostensibly acting (even though improperly) to benefit his employer's policing function.

67. Defendant Storm's actions were therefore within the scope of his employment.

68. Defendant City of Bourbon is therefore liable under a theory of *respondeat superior*[12].

WHEREFORE, Plaintiffs pray for judgment for assault against Defendant Carl Storm in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault against Defendant City of Bourbon, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiffs pray for such other relief this Court deems just and proper under the

---

[10] Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001).
[11] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[12] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

8

circumstances.

## COUNT V
## BATTERY
## AGAINST DEFENDANT CARL STORM
## FOR COMPENSATORY AND PUNITIVE DAMAGES, AND
## AGAINST DEFENDANT CITY OF BOURBON, MISSOURI
## FOR COMPENSATORY DAMAGES ONLY

69. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

70. Defendant Storm's shooting Decedent Wenzel constituted battery[13].

71. Defendant Storm's shooting Decedent Wenzel was unlawful and unjustified.

72. Decedent Wenzel sustained damages as a result of the battery[14].

73. Plaintiff is entitled to compensatory and punitive damages for battery against Defendant Storm.

74. At the time of the battery of Decedent Wenzel, Defendant Storm was ostensibly acting (even though improperly) to benefit his employer's policing function.

75. Defendant Storm's actions were therefore within the scope of his employment.

76. Defendant City of Bourbon is therefore liable under a theory of *respondeat superior*[15].

WHEREFORE, Plaintiffs pray for judgment for battery against Defendant Carl Storm in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for battery against Defendant City of Bourbon, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiffs pray for such other relief this Court deems just and proper under the circumstances.

---

[13] Armoneit, 59 S.W.3d at 632.
[14] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[15] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
      James W. Schottel, Jr.    #51285MO
      906 Olive St., PH
      St. Louis, MO 63101
      (314) 421-0350
      (314) 421-4060 facsimile
      jwsj@schotteljustice.com

      Attorney for Plaintiffs
      Eric Wenzel
      Annie Alley
      Thelma Wenzel