ERIC WENZEL, ANNIE ALLEY, and )
THELMA WENZEL, )
)
     Plaintiffs, )
)
    v. )    No. 4:16 CV 27 DDN
)
CITY OF BOURBON, MISSOURI, and )
CARL STORM, )
)
     Defendants. )

## MEMORANDUM AND ORDER

  This action is before the court on the motion of defendant City of Bourbon, Missouri, to dismiss Count II of plaintiffs' complaint for failure to state a claim on which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6). (Doc. 6.) The court heard oral argument on March 10, 2016.

## I. BACKGROUND

  Plaintiffs Eric Wenzel, Annie Alley, and Thelma Wenzel commenced this action against defendants City of Bourbon, Missouri (City), and its Police Officer Carl Storm in his individual capacity. Plaintiffs seek relief under 42 U.S.C. § 1983, invoking federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).

  Plaintiffs are Eric Wenzel and Annie Alley (the only children of decedent Gary Wenzel) and Thelma Wenzel (the mother of decedent Wenzel). Plaintiffs are suing on

behalf of decedent Wenzel as a result of the injuries he sustained resulting in his death.[1] (Doc. 1 ¶¶ 3–7.)

According to plaintiffs' factual allegations, the following occurred. On or about March 5, 2014, decedent Wenzel was driving on an outer service road in Bourbon, Missouri. Defendant Storm was then a police officer with the Bourbon City Police Department on routine patrol. Storm passed Wenzel driving in the opposite direction without proper license plates; Officer Storm suspected Gary Wenzel had outstanding arrest warrants. Storm turned his police vehicle around and followed Wenzel for approximately ten minutes. (Doc. 1 ¶¶ 17–19.)

Plaintiffs allege that after Wenzel drove his vehicle into a ditch Storm stopped his vehicle behind Wenzel's. Wenzel exited his vehicle on the driver's side door and approached Storm's vehicle unarmed and with his hands open. Storm could see Wenzel's hands and knew Wenzel was not carrying a weapon. Plaintiffs allege that Storm's vehicle's dash-cam shows that as Wenzel approached Storm's vehicle he had his hands open. The video will also show that Wenzel was unarmed. The video has no audio. Officer Storm fired three shots at Wenzel, hitting him in his head, chest, and thigh. Wenzel fell to the ground. (Doc. 1 ¶¶ 19–25.)

Plaintiffs allege that Wenzel did not immediately die, but lay on the ground, conscious, for an indeterminate period of time. The Crawford County Deputy Coroner pronounced Gary Wenzel dead at the scene due to the injuries. (Doc. 1 ¶¶ 26–27.)

---

[1] When the federal statute does not provide direction regarding the proper plaintiff, as is the case of 42 U.S.C. § 1983, the court "look[s] to state law to determine who is a proper plaintiff, as long as state law is not inconsistent with the Constitution or federal law." Andrews v. Neer, 253 F.3d 1052, 1056. (8th Cir. 2001). Although a state's survival statute provides the proper plaintiff in personal injury actions, Missouri's survival statute particularly excludes those personal injuries resulting in death. Id. at 1057. Missouri state law provides that personal injury actions resulting in death are governed by the wrongful death statute as the only source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death. Id. at 1058 (citing Sullivan v. Carlisle, 851 S.W.2d 510, 514 n.6 (Mo. 1993) (en banc)). In those actions the spouse or children or surviving lineal descendants may bring suit. Mo. Rev. Stat. § 537.080. Plaintiffs have standing as the surviving children and surviving lineal descendant of decedent Gary Wenzel. See Andrews, 253 F.3d at 1057–58; Mo. Rev. Stat. § 537.080.

Upon these alleged facts, plaintiffs allege in Count One that defendant Carl Storm, in his individual capacity, violated Gary Wenzel's right against excessive and unreasonable force under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983. (Id. ¶ 38.) Count Two alleges the defendant City of Bourbon is liable under the theory of respondeat superior for the actions of its Officer Storm which resulted in the death of Gary Wenzel through Storm's unreasonable and excessive use of force. (Id. ¶ 49.) Count Three alleges defendant Storm failed to perform his official duties in a reasonable manner which resulted in the wrongful death of Wenzel, with the defendant City liable under the theory of respondeat superior. (Id. ¶ 53–59.) Count Four alleges a civil claim for assault against defendant Storm and defendant City under the theory of respondeat superior. (Id. ¶¶ 31–62, 66–68.) Count Five alleges a civil claim for battery against Storm directly and indirectly against the City under the theory of respondeat superior. (Id. ¶¶ 70–71, 74–76.)

## II. MOTION TO DISMISS STANDARD

Defendant City's motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of Count Two of plaintiffs' complaint. See Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, Count Two must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. The pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Factual allegations made by the plaintiffs are accepted as true and viewed in the light most favorable to them. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007).

# III. DISCUSSION

Defendant City of Bourbon moves to dismiss Count Two, arguing that plaintiffs fail to state a claim, because as a municipality it cannot be liable under § 1983 based on respondeat superior, and it argues that to include this claim is frivolous. Plaintiffs acknowledge the current state of the law supports defendant's argument, but argue that they included this claim in the hope that the law might be changed in this case.

Claims brought against municipalities under 42 U.S.C. § 1983 must prove that an express or implied policy or custom of the municipality caused the alleged injury. Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403–04 (1997); Reasonover v. St. Louis Cnty., Mo., 447 F.3d 569, 584 (8th Cir. 2006) (district court properly dismissed a claim for failure to show an unconstitutional custom or practice); Manuele v. City of Jennings, No. 4:12 CV 1655 JAR, 2012 WL 113538, at *8–9 (E.D. Mo. Jan. 13, 2012) (summary judgment denied upon showing through words and deeds of high ranking city officials an implied policy

Plaintiff has not pled any facts that would indicate there was either a policy or custom in force in the City of Bourbon at the time of the death of Gary Wenzel that caused the actions taken by Officer Storm. Plaintiffs specifically allege that "[d]efendant City of Bourbon is liable under the theory of respondeat superior." (Doc. 1 ¶ 49.) Plaintiffs further allege that defendant Storm was serving as an employee of the defendant City, engaging in a governmental function, and acting within the course and scope of his employment when he shot and killed Gary Wenzel. (Id. ¶¶ 46–48.) These allegations are crucial to pleading liability under the theory of respondeat superior, but are not helpful to plead a municipality's liability under 42 U.S.C. § 1983. Municipalities are not liable under § 1983 under a theory of respondeat superior. Monell v. New York City Dept. of Social Servs,Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978); Bd. of Cnty. Comm'rs, 520 U.S. at 403.

Therefore, Count Two is dismissed without prejudice for failure to state a claim upon which relief can be granted.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant City of Bourbon to dismiss Count Two (Doc. 6) is sustained.  Plaintiffs' claim under Count Two is dismissed without prejudice.


_____/S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 14, 2016.