UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC WENZEL, ANNIE ALLEY, and THELMA WENZEL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16 CV 27 DDN ) |
| CARL STORM, | ) ) |
| Defendant. | ) |

# MEMORANDUM

This matter is before the court on the motion of defendant Carl Storm for reconsideration of the Court's denial of summary judgment on Counts 3, 4, and 5. The parties have consented to the exercise of plenary authority by a Magistrate Judge under 28 U.S.C. § 636(c).

For the reasons discussed below, the Court grants the motion and dismisses the action.

## I. BACKGROUND

Plaintiffs Eric Wenzel, Annie Alley, and Thelma Wenzel filed their complaint, seeking relief in five counts:

**Count 1:** against defendant police officer Carl Storm under 42 U.S.C. § 1983 for use of unconstitutionally excessive force that resulted in the death of plaintiffs' decedent, Gary Wenzel, on March 5, 2014;

**Count 2:** against the defendant City of Bourbon, Missouri, under 42 U.S.C. § 1983, as the employer of defendant Storm with liability based upon the doctrine of *respondeat superior*;

**Count 3:** against both defendants for wrongful death under the law of Missouri;

**Count 4:** against both defendants for assault under the law of Missouri; and

**Count 5:** against both defendants for battery under the law of Missouri.

On March 14, 2016, the Court dismissed Count 2 for failure to state a claim, holding that a municipality is only liable under Section 1983 when an express or implied policy or custom of the municipality caused the alleged injury.

On April 13, 2017, upon both defendants' motions for summary judgment, the Court dismissed Counts 3, 4, and 5 against the City of Bourbon, but denied summary judgment to defendant Storm on the state law claims in Counts 1, 3, 4, and 5, with the Court holding that an issue of fact remained that precluded any findings of immunity before trial.

Defendant Storm filed an interlocutory appeal, and the United States Court of Appeals for the Eighth Circuit reversed this Court's failure to conclude that Storm was entitled to the qualified immunity privilege. *Wenzel v. City of Bourbon, Missouri*, 899 F.3d 598 (8th Cir. 2018). The Court of Appeals found from the record that defendant Storm acted reasonably and was thus entitled to qualified immunity on Count 1. *Id.* at 602.

Defendant Storm's instant motion for reconsideration seeks a modification of the earlier order denying him summary judgment on the state law claims in Counts 3, 4, and 5, for wrongful death, assault, and battery. The Federal Rules of Civil Procedure do not include motions for reconsideration. *Level 3 Comm., LLC v. Illinois Bell Telephone Co.*, 2019 WL 316569 at *3 (E. D. Mo. Jan. 24, 2019). However, a district court has the authority to reconsider a non-final order under F. R. Civ. P. 54(b), as well as "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *Level 3 Comm.* (quoting *K. C. 1986 Ltd. P'ship Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007)). These are the only claims remaining for adjudication in this case.

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over Counts 1 and 2 pursuant to 28 U.S.C. §§ 1331 and 1343(3), and supplemental subject matter jurisdiction over Counts 3, 4, and 5 pursuant to 28 U.S.C. § 1367(a). Although Counts 1 and 2 have been dismissed,

the Court elects to continue exercising its supplemental jurisdiction considering judicial efficiency, the advanced stage of this proceeding, and the statutory limitations periods for the Missouri state law claims if plaintiffs were to refile them in state court.  *See* 28 U.S.C. § 1367; *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244–45 (2006) (holding that dismissal of federal law claims does not automatically deprive a district court of supplemental jurisdiction over state law claims).

### III.  SUMMARY JUDGMENT

Summary judgment is proper "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The burden shifts to the non-moving party to demonstrate that disputes of fact do exist only after the movant has made its showing.  *Id.*

Courts must grant summary judgment when the pleadings and the proffered evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp*, 477 U.S. at 322.  A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the nonmoving party.  *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011).

The undisputed facts in this case are set forth in this Court's original memorandum and order denying the motions for summary judgment.  *Wenzel v. City of Bourbon, Missouri*, 2017 WL 1355485 (E.D. Mo. Apr. 13, 2017) (Doc. 70).

### IV.  Counts 3, 4, and 5 against defendant Storm

In light of the Court of Appeals' decision in this case, this Court re-considers whether defendant Storm is entitled to relief from the Court's failure to grant him

summary on plaintiffs' three remaining state-law claims. Storm invokes the Eighth Circuit's holding that he is entitled to qualified immunity for acting reasonably under 42 U.S.C. § 1983. The issues presented are substantive law matters that are decided by the substantive law of Missouri. 28 U.S.C. § 1652; s*ee also Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Shannon v. Koehler*, 2011 WL 10483363 at *18 (N.D. Iowa 2011).

This Court originally denied defendant's motion for summary judgment on the state-law claims, holding that defendant Storm was not entitled to official immunity under Missouri state law, because questions of fact remained to be determined by a jury. However, on appeal, the Eighth Circuit determined as a matter of law that defendant Storm acted as a reasonable officer would when confronted with the circumstances that defendant Storm encountered. *Wenzel*, 899 F.3d at 602.

In response to defendant's motion for reconsideration, plaintiffs contend that the standard of reasonableness for a qualified immunity determination under federal law is different than the standard for Missouri's official immunity doctrine. Missouri's official immunity doctrine protects public employees from liability for discretionary acts committed during the course of their official duties, unless the employee acts in bad faith or with malice. *Blue v. Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005). A defendant acts in bad faith when he has a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud." *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986) (quotation omitted). "To act with malice, the officer must do that which a man of reasonable intelligence would know to be contrary to his duty and intend such action to be injurious to another." *Conway v. St. Louis Cty.*, 254 S.W.3d 159, 165 (Mo. Ct. App. 2008).

In a similar case applying Minnesota's official immunity doctrine, the Eighth Circuit held that the relationship between constitutional reasonableness and a state's official immunity doctrine was such that when "use of deadly force was reasonable, a reasonable fact-finder could not conclude the officers' conduct was willful or malicious." *Hayek v. City of St. Paul*, 488 F.3d 1049, 1056 (8th Cir. 2007). Here, too, where the

Eighth Circuit has found Officer Storm's use of deadly force to be reasonable, a reasonable fact-finder could not conclude that his conduct was malicious or in bad faith. Plaintiff could survive summary judgment by proffering evidence of "facts from which it could reasonably be inferred that [defendant] acted in bad faith or from an improper or wrongful motive." *See State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447-48 (Mo. banc 1986). However, in light of the Eighth Circuit's opinion, this Court concludes that the undisputed evidence of record is insufficient to defeat summary judgment. *See Boude v. City of Raymore, Missouri*, 855 F.3d 930, 935 (8th Cir. 2017); *Seiner v. Drenon*, 304 F.3d 810, 813 (8th Cir. 2002).

Officer Storm had reason to believe he was in imminent danger. Mr. Wenzel had led him on a high-speed chase, driving recklessly and without regard to other motorists. Officer Storm also knew that Mr. Wenzel had acted violently toward police officers before. When Mr. Wenzel exited his vehicle, he aggressively approached Officer Storm and refused to comply with commands. Officer Storm had to make a split-second decision. Plaintiff relies on bare allegations of a history between Officer Storm and the Wenzel family to suggest malice, but that is insufficient for a reasonable juror to infer that, given all of these circumstances, defendant was acting maliciously or in bad faith.

Defendant is entitled to summary judgment on the wrongful death[1] and intentional tort claims, because he acted as would a reasonable officer in the same circumstances, as determined by the Court of Appeals, and there is insufficient evidence for a rational jury to conclude that he acted with malice or in bad faith. *See also Wealot v. Brooks*, 865 F.3d 1119, 1129 (8th Cir. 2017).

---

[1] Plaintiffs' wrongful death claim is predicated on negligence. (Doc. 1 at ¶¶ 53-59). Even if official immunity did not apply, "[t]he theories of negligence and intentional tort are contradictory and mutually exclusive." *Hockensmith v. Brown*, 929 S.W.2d 840, 845 (Mo. Ct. App. 1996). There is no dispute that the cause of Mr. Wenzel's death was defendant Storm's intentional shooting. Plaintiffs' brief on appeal conceded that Storm "chose to use his firearm and fatally shoot" Mr. Wenzel. (Pl. Br. at 19). This is dispositive of plaintiffs' underlying negligence claim because "[e]vidence of an act purposefully done negates negligence." *Id.* "[Plaintiffs] cannot have a submissible negligence claim while conceding the actual cause of death was an intentional act. It is a legal impossibility." *Friday v. McClure*, 536 S.W.3d 235, 239-240 (Mo. Ct. App. 2017).

## VII.  Conclusion

For the reasons stated above, defendant Carl Storm's motion for reconsideration, considered a motion for relief under F. R. Civ. P. 54(b) from the Court's failure to grant him summary judgment earlier, must be sustained. An appropriate Judgment Order, granting defendant Carl Storm summary judgment on the remaining state law claims in Counts 3, 4, and 5 is issued herewith.

       /S/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 12, 2019.